UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR RUIZ, | Case No.: 3:23-cv-00317-ART-CSD |
| Plaintiff | **Order** |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendants | |

Plaintiff is an inmate in custody of the Elko County Jail, and he filed his civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the

prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff filed an IFP application, but the financial certificate is not signed by an authorized officer from the Elko County Jail and does not set forth his average monthly balance and average monthly deposits for the last six months. Nor does it contain a certified copy of his trust fund account statement (or institutional equivalent) for the six-month period preceding the filing of the complaint. Therefore, the IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application and financial certificate or pay the full $402 filing fee.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening,

there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court notes that Plaintiff's complaint names as Defendants the State of Nevada and the Elko County Courthouse. However, his complaint contains allegations about his court-appointed attorneys as well as the judge in his criminal case. He mentions the Eighth, Fourteenth; and First Amendments, but his first two claims are really for ineffective assistance of counsel against his court-appointed attorneys, Spencer Judd and Diana Hillenwaart. In his third claim he asserts that the judge presiding over his criminal proceedings, Judge Soderquist, insulted him for trying to enter a plea, and then Judge Kacin was assigned, and he says he was going to be retaliated against and be sent to prison for insulting Judge Soderquist. He mentions wanting to withdraw his plea. As part of his remedy, he seeks release from custody.

To the extent Plaintiff brings this suit under section 1983, it would likely be dismissed. Judges have absolute immunity for acts performed in their official capacity, and court appointed attorneys are not state actors that may be sued under section 1983. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002); *Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (per curiam). The State of Nevada is not a person that can be sued under section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).

In addition, insofar as he sues the Elko County Courthouse, a department of a county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996) (concluding that the "Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision" and noting the State had not waived

immunity on behalf of its departments of political subdivisions so the District Attorney's Office had not been conferred the power to sue or be sued) (citing Nev. Rev. Stat. (NRS) 41.031); *see also Wright v. City of Las Vegas,* 395 F.Supp.2d 789, 794 (S.D. Iowa 2005); *Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998) (finding that Elko County Sheriff's Department lacked capacity to be sued). While Elko County might be a proper defendant, a municipality, such as Elko County,  may be only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria,* 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not be sued under a respondeat superior theory (legal doctrine holding employer responsible for unlawful acts of its employees). *Id.* at 603. (citing *Monell*, 436 U.S. at 693-95). Instead, "[a] plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id*. (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 415 (1997)) (emphasis original). Plaintiff has not included sufficient allegations to state a claim against Elko County.

      Finally, it is possible this action, or certain claims, may be dismissed as duplicative of other actions Plaintiff has filed in this district: 3:23-cv-282-MMD-CSD and 3:23-cv-00296-RCJ-CSD (also asserting claims of ineffective assistance against Judd and Hillenwaart and claims against Judge Kacin). *See M.M. v. Lafayette School District*, 681 F.3d 1082, 1091 (9th Cir. 2012) (citation omitted) ("[A] district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims.").

In the event this action is dismissed with prejudice, Plaintiff will still be responsible for paying the $350 filing fee if he is granted IFP status.

Alternatively, if Plaintiff is challenging the fact of or duration of his confinement, as it appears from the complaint he may be, such a claim is cognizable only through a petition for writ of habeas corpus after exhausting applicable state remedies. Moreover, a Sixth Amendment ineffective assistance of counsel claim must be raised in a direct appeal, post-conviction or habeas proceeding, and not in a section 1983 action. If this is Plaintiff's intent, he should notify the court within 30 days and this action will be dismissed without prejudice so that he may pursue a habeas petition.

If Plaintiff fails to timely file a completed IFP application and financial certificate or pay the filing fee, this court will recommend dismissal of this action without prejudice.

**IT IS SO ORDERED**.

Dated: August 7, 2023

_____
Craig S. Denney
United States Magistrate Judge

5